UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. TAMARA EVANS,<br><br>Plaintiff–Relator,<br><br>v.<br><br>SOUTHERN CALIFORNIA INTERGOVERNMENTAL TRAINING AND DEVELOPMENT CENTER, and DOES 1–10,<br><br>Defendant. | No. 2:15-cv-00619-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff–Relator Tamara Evans brings this action against Defendant Southern California Intergovernmental Training and Development Center—which does business as the San Diego Regional Training Center ("SDRTC")—under the False Claims Act ("FCA"), 31 U.S.C §§ 3729–3733, and its California counterpart, the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650–12656. Defendant now moves to dismiss Plaintiff–Relator's CFCA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 27. For the reasons that follow, that motion is GRANTED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1

# BACKGROUND[2]

From June 2004 to March 2013, Plaintiff–Relator worked for the California Commission on Peace Officer Standards and Training ("POST"), which receives millions of dollars in funding from the United States Department of Justice Office on Violence Against Women and the California Emergency Management Agency. POST, in turn, provided Defendant with some of these funds for services rendered in furtherance of those organizations' respective goals. As part of her work for POST, Plaintiff–Relator managed grant-funded contracts, reviewed and approved invoices submitted for payment by contractors of POST, and participated in audits of POST's expenditures. Plaintiff-Relator claims that while performing these activities, she discovered that Defendant collected almost $22 million in state and federal funds based on the submission of false and/or fraudulently inflated invoices.

On March 19, 2015, Plaintiff–Relator filed the instant qui tam action, bringing six claims for relief. Claims one through three are made under the FCA, while claims four through six are made under the CFCA. Defendant moves to dismiss claims four through six on the basis that it is not a proper defendant under the CFCA.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

---

[2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases verbatim, from the allegations of Plaintiff–Relator's Complaint.

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citation omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Id. at 555 n.3 (citation omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94–95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Under the CFCA, an individual may bring suit on behalf of the government against "any person" who commits certain acts related to the submission of false claims to the government. Cal. Gov't Code § 12651(a). Defendant contends that Plaintiff–Relator has failed to state a claim under the CFCA because the SDRTC, as a governmental entity, is not a "person" under that act. See Def.'s Mem. of P & A in Supp. of Mot. to Dismiss ("MTD"), ECF No. 27-1, at 4–5 (quoting Wells v. One2One Learning Found., 39 Cal. 4th 1164, 1193 (2006)). In response, Plaintiff–Relator argues that "California courts look to the law developed under the federal False Claims [A]ct to construe the CFCA" and that because the SDRTC is subject to suit under the FCA, it must also be subject to suit under the CFCA. Pl.–Relator's Opp'n, ECF No. 28, at 3–4.

Regardless of California courts' general reliance on federal authority in construing the CFCA, the California Supreme Court has departed from federal authority in determining whether California governmental entities are subject to suit under the CFCA. In Wells, the California Supreme Court explicitly stated, regarding its application to local governmental entities, that the FCA "is distinct from its California counterpart."

29 Cal. 4th at 1197. Applying California principles of statutory interpretation, the California Supreme Court held that regardless of the application of FCA to local governmental entities, such entities are not "persons" under the CFCA. Id. at 1199 ("We conclude that neither [public school] districts, nor any other agencies of state and local government, are 'persons' subject to suit under the CFCA."). Regardless of Defendant's exhortation that this Court "find liability under the CFCA as a matter of public policy and . . . as a matter of common sense," Pl. Relator's Opp'n, at 4, this Court will not override California's policy choices embodied by its statutes and legal precedent.

Because California governmental agencies are not subject to suit under the CFCA, the only remaining question is whether the SDRTC is a governmental entity. The SDRTC is a joint powers authority, created pursuant to the Joint Exercise of Powers Act, Cal. Gov't Code §§ 6500–6599.3, which allows two or more public agencies to create a separate governmental agency for the purpose of jointly exercising common powers, id. §§ 6502, 6503.5, 6507; see also San Diegans for Open Gov't v. City of San Diego, 242 Cal. App. 4th 416, 444 (2015) ("Two or more public agencies by agreement may jointly exercise any power common to the contracting parties, and they may join in the creation of a separate entity to exercise those powers on their behalf." (brackets and citation omitted)). "Such agencies are governmental agencies." People v. Parmar, 86 Cal. App. 4th 781, 799 (2001). Accordingly, Defendant is not subject to suit under the CFCA.

///
///
///
///
///
///
///
///

**CONCLUSION**

Because governmental agencies are not subject to suit under the CFCA and because Defendant is a governmental agency, its Motion to Dismiss, ECF No. 27, is GRANTED. Claims four through six are dismissed for failure to state a claim. Because Plaintiff–Relator's claims under the CFCA are barred as a matter of law, the dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: April 25, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE