UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA ex rel. TAMARA EVANS,<br><br>            Plaintiff/Relator,<br><br>   v.<br><br>SOUTHERN CALIFORNIA INTER GOVERNMENTAL TRAINING AND DEVELOPMENT CENTER, and DOES 1-10,<br><br>            Defendants. | No. 2:15-cv-00619-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

        On March 19, 2015, Relator Tamara Evans ("Relator") initiated this qui tam action on behalf of the United States and the State of California, alleging that Defendant Southern California Intergovernmental Training and Development Center ("Defendant" or "RTC"),[1] violated the federal False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA") by submitting false invoices for training classes RTC provided to California peace officers in accordance with the federal Violence Against Women Act of 1994, 108 Stat. 1941-42 ("VAWA").  Relator also claims that RTC did not provide supporting documentation for its

---

[1] Defendant was formerly known as the San Diego Regional Training Center and did business under that title, and still uses the moniker "RTC" based on that earlier designation.

1

invoices to the contracting agency, the Commission on Peace Officer Standards and Training ("POST") and later with the California Emergency Management Agency ("CEMA"), and further made false statements and/or certifications in order to get the invoices paid, also in violation of the FCA, because federal funding was used to pay for the VAWA classes.

By Notices filed December 7 and 8, 2016, respectively (ECF Nos. 21, 22) both the State of California and the United States elected not to intervene in this matter, leaving Relator free to pursue the action alone.

On March 25, 2022, this Court granted summary judgment in favor of Defendant RTC, finding that RTC had established, as a matter of law, that it had not presented false claims to POST for payment after May 20, 2009, when the FCA was amended to permit liability for claims presented to "an officer, employee or agent of the United States." 31 U.S.C. § 3729(b) (2009).  The statute prior to that time applied only to claims presented to the United States directly, and because no such claims were made (with invoices being submitted only to POST), the Court found that only claims accruing after the statute was amended fell within the purview of the FCA.  The Court went on to find that because the post-2009 qualifying claims[2] failed to meet the essential requirements required for FCA purposes, namely:  1) a false claim or a false statement of fraudulent course of conduct, 2) made with scienter (knowledge of falsity) 3) that was material, causing the government to make payment or forego moneys due, judgment in RTC's favor was proper.  See United States ex rel. Hendow v. University of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006).

Presently before the Court is Relators' Motion for Reconsideration (ECF No. 103) of the Court's Order (ECF No. 101)) granting summary judgment in favor of Defendant. Relator's Motion is brought under Federal Rule of Civil Procedure 59(e) and is made on grounds that this Court committed clear error and that its decision was "manifestly

---

[2] The amended statute also included false statements made with respect to a preexisting false claim as long as that claim was made after June 7, 2008.

2

unjust" because the wrong legal standards for the falsity, scienter and materiality requirements for an FCA claim were employed. Relator's Mot., ECF No. 103, 3:4-10. In addition, Relator claims that the Court's determination that the 2009 amendments to the FCA statute could not be applied retroactively was also erroneous. As set forth below, Relator's Motion is DENIED.[3]

## STANDARD

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of

---

[3] Having concluded that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

## ANALYSIS

As an initial matter, Relator continues to take issue with the Court's determination that the 2009 Fraud Enforcement Recovery Act ("FERA") amendments to the FCA do not apply retroactively to pre-2009 actions and events. As the Court has already pointed out, however, the Ninth Circuit, in Cafasso v. United States ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047 (9th Cir. 2011) has recognized that the FERA amendments do not apply retroactively. Id. at 1051 n. 1. While Relator maintains that the Court's reliance on Cafasso in finding against retroactivity was "incorrect," the fact remains that Cafasso is the law of the Ninth Circuit on the issue. Relator's motion for reconsideration in that regard must accordingly be denied.

Relator also appears to argue that for purposes of liability under the FCA, the government's knowledge of the invoicing arrangements between RTC and POST/CEMA is the dispositive factor in assessing FCA liability rather than the knowledge of the contracting agencies themselves. Before the 2009 amendments were passed, however, the Supreme Court made it clear in Allison Engine Co., Inc. v. United States ex rel. Sanders, 553 U.S. 662, that the language used in the statute itself was dispositive. Since the pre-2009 FCA applied only to claims "paid or approved by the Government" (31 U.S.C. § 3729(a)(1) (1986)), Sanders declined to apply the FCA to non-governmental parties using federal funds like POST/CEMA. Id. at 668. This caused Congress to pass FERA the following year and to amend the statute to include claims "made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf . . . " 31 U.S.C. § 3729 (b) (2009). Here, because the claims were presented to POST/FEMA as such grantees, the Court believes the relevant inquiry to be the grantees' knowledge of the invoicing arrangements in question.

Relator's assertions as to whether the requisite elements for FCA liability have been satisfied has to be viewed in the context of this conclusion. As indicated above, to be actionable under the FCA a 1) false statement must be made 2) with knowledge of its falsity (scienter), and 3) the false statement at issue must be material. United States ex rel. Hendow v. University of Phoenix, 461 F.3d at 1174. Turning first to falsity, the pertinent inquiry is on invoices presented in 2008 and 2009, since it was only after the FERA amendments were made that the FCA applies to these claims since they were not submitted to the government directly. By 2008-09, POST had been paying RTC's invoice for VAWA training for 12 years, with POST's full knowledge that the invoicing was budget-based with the apparent consent of both POST and its counsel. Importantly, too, RTC never misrepresented or concealed the fact that it was billing in that manner, and despite written contractual terms otherwise POST's consent and the parties' long course of conduct made it reasonable for RTC to conclude that POST preferred budgeted as opposed to actual-cost invoicing. Moreover, once POST requested actual-cost billings the evidence indicates that RTC complied with that request immediately.

The lack of falsity under these circumstances makes Relator also unable to satisfy scienter, the second requirement. A party cannot knowingly present a false claim for payment or approval under § 3729(a) if no false claim has been made in the first place.

Finally, with respect to the third and final materiality requirement, both Relator and the government (in two Statements of Interest, ECF Nos. 98 and 103) appear to focus on the assertion that the agencies' continued payment of claims is relevant to materiality only insofar as it has knowledge of an alleged violation when it does so. As stated above, however, because the allegedly false claims were submitted to the agencies and not to the government, and because the post-2009 FERA amendments specifically contemplate FCA liability for false payments made to agencies receiving federal funding like POST/CEMA, the Court concludes that materiality must be assessed from the standpoint of the agencies. As the Supreme Court noted in Universal Health Servs., Inc. v. United States ex rel. Escobar, 579 U.S. 176, when claims are paid in full despite

knowledge that certain requirement may not technically have been met, "that is very strong evidence that those requirements were not material." Id. at 195.

Although Relator must show both falsity, scienter and materiality to make a viable FCA claim, with the absence of only one element enough to defeat the claim, under the circumstances the Court concludes that Relator was unable to establish any of the three prerequisites. The Court granted summary judgment in favor Defendant on that basis and the papers submitted in connection with the instant motion for reconsideration, including the government's statement of interest, have not shown that decision was incorrect.

**CONCLUSION**

For all the foregoing reasons, Relator's Motion for Reconsideration (ECF No. 103) is DENIED.

IT IS SO ORDERED.

Dated: October 6, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE